IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMMITT JONES, #161334, | : |
|     Plaintiff, | : |
| vs. | :   CIVIL ACTION 17-0513-CG-M |
| MR. LOTT, | : |
|     Defendant. | : |

REPORT AND RECOMMENDATION

Plaintiff Emmitt Jones, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of the complaint (Doc. 1), it is recommended that, prior to service of process, this action be dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I. <u>Complaint</u>. (Doc. 1).

Before the Court is Plaintiff's complaint on this Court's § 1983 complaint form, which asks Plaintiff whether he has filed, in state or federal court, lawsuits dealing with the same or similar facts involved in this action or related to his imprisonment. (Doc. 1 at 3). His responses were "no." (*Id.*). He then proceeded to sign his complaint under penalty of

perjury. (*Id.* at 8).

The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), discovered in its examination of PACER (Public Access to Court Electronic Record) that Plaintiff previously had filed other actions, namely, *Emmitt Reed Jones v. Thomas,* CA 2:14-cv-00427-WHA-SRW (M.D. Ala. 2015) (§ 1983 action dismissed for failure to state a claim and for failure prosecute); *Emmitt Reed Jones v. Ward,* CA 1:06-cv-00044-WHA-SRW (M.D. Ala. 2006) (§ 1983 action dismissed for failure to prosecute); and *Emmitt Reed Jones v. J.C. Giles,* CA 1:10-cv-00799-TMH-SRW (M.D. Ala. 2010) (habeas/mandamus action dismissed).

Turning to the present complaint, Plaintiff sued Mr. Lott, a registered nurse at Fountain Correctional Facility ("FCC"), three Jane Roe LPNs at FCC, John Doe Doctor at Atmore Hospital, and John Doe Doctor at Mobile Infirmary. Plaintiff alleges that on November 20, 2016, he filled out a "sick call" slip because he could not urinate. (Doc. 1 at 13). When no one responded, on November 21, 2016, after not urinating for two days, he went to the shift office where Officer Banks recommended he see Defendant Lott, whom Plaintiff saw that day. (*Id.*). "Mr. Lott made notes, did not prescribe any medicine, and any other information will be in [his] jacket. Shortly, after, [he] was loaded in a transport van and [taken] to Fountain." (*Id.*). This is the extent of the allegations against Defendant Lott.

When Plaintiff arrived at Fountain, he saw three female "doctors" who did not ask for his symptoms but immediately began to catheterize him. (*Id.*). When they were unsuccessful, they used a larger catheter. (*Id.*). When that catheter did not work, they used even a larger catheter, which did not work. (*Id.*).

Plaintiff was then transported to Atmore Hospital. (*Id.*). There, the doctor did not ask any questions, but "they" proceeded to catheterize him three times, increasing the size of the catheter each time. (*Id.* at 14). As result of the procedures, Plaintiff began discharging blood. (*Id.*). Moreover, Plaintiff did not receive any pain medication at the prisons and the hospital. (*Id.*).

Next, Plaintiff was transported to Mobile Infirmary. (*Id.*). In the emergency room, Plaintiff needed to urinate, but the doctor told him to "hold it." (*Id.*). Being unable to comply, Plaintiff urinated. (*Id.*). After this happened as well as after several attempts to catheterize Plaintiff, the doctor catheterized Plaintiff. (*Id.*). Then, a female doctor came into the room and told the doctor to remove the catheter. (*Id.*). She asked the doctor if he had read the chart, told the doctor that Plaintiff had just urinated, and said a catheter would not correct the problem. (*Id.*).

The female doctor "took control of the situation and told

3

Plaintiff that she would fix what they tore up." (*Id.*). Plaintiff's prostate had been damaged, which caused "poison" to enter his blood stream and the need for surgery. (*Id.*). She called in a heart specialist, and "pig line"[1] was put in a vein in his arm to his heart. (*Id.*). He was in the hospital for seven days receiving antibiotics through the line. (*Id.* at 15). The resulting long-term effects are that his urine and semen simultaneously discharge when he urinates. (*Id.*).

Plaintiff requests a declaratory judgment, injunctive relief, compensatory damages of $50,000.00 from each Defendant, punitive damages of $50,000.00 from each Defendant, attorney's fees, all costs, and any additional relief the Court deems proper. (*Id.* at 10, 19).

II. <u>Analysis</u>.

    A. <u>Standard of Review Under § 1915(e)(2)(B)(i) for Maliciousness</u>.

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen his complaint under 28 U.S.C. § 1915(e)(2)(B) and to dismiss it if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such

---

[1] The Court understands a "pig line" to be a PICC line, which is a peripherally inserted central catheter, hence PICC. It "is a thin, soft flexible tube — an intravenous (IV) line" through which medications can be given. https://my.clevelandclinic.org/health/treatments14983-peripherally-inserted-central-catheter-picc (lasted visited Apr. 5, 2018).

relief.  28 U.S.C. § 1915(e)(2)(B)(i–iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious.  *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014)(unpublished) (finding the plaintiff abused the judicial process when he failed to disclose under penalty of perjury two prior federal actions on his complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the complaint form described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of

perjury he represented in his complaint that he had no action dismissed prior to service process even though he had two), *cert. denied*, 569 U.S. 960 (2013); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and thereby preventing the plaintiff from re-filing the action. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); *see Schmidt*, 576 F. App'x at 899 (affirming

6

the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

    B.   <u>Application of Law to Facts</u>.

In the present complaint, Plaintiff did not provide the Court with the requested information regarding his prior actions. (Doc. 1 at 3). Instead, he responded with "no" to the form's questions inquiring about his prior litigation. (*Id.*). PACER, however, reflected that he previously had filed other actions, which were not listed and were of the nature that they should have been listed. Thus, when Plaintiff filed his complaint, he knowingly chose not to list these prior actions and then proceeded to sign the complaint under penalty of perjury. (*Id.* at 13).

In *Rivera, supra*, the Eleventh Circuit affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike. 144 F.3d at 731. In the subsequent case of *Pinson v. Grimes*, 391 F. App'x 797 (11th Cir.) (unpublished), *cert. denied*, 562 U.S. 1013 (2010), the Eleventh Circuit, relying on *Rivera*, affirmed the district court's "finding an

abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month. *Id.* at 799. Accordingly, the Court finds that Plaintiff's behavior is an abuse of the judicial process that warrants this action's dismissal without prejudice as malicious pursuant to § 1915(e)(2)(B)(i), and that the dismissal should be counted as a strike for § 1915(g) purposes. *Rivera, supra*; *Pinson, supra.*

Moreover, if this action is dismissed, Plaintiff would be able to re-file it. (*Id.* at 7). That is, in Alabama the statute of limitations for filing a § 1983 action is two years from when the claim accrues. *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Inasmuch as Plaintiff identifies November 21, 2016, as the date when he was seen by Defendant Lott, and his other claims are centered around that date (e.g., he stayed in the hospital seven days afterwards for antibiotic treatment), the statute of limitations has not expired on his claims. Therefore, Plaintiff can re-file his action, if he elects. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of

8

process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is malicious.[2]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who

---

[2] An alternate basis for dismissal of this action is the failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The only identified Defendant is RN Lott. (Doc. 1 at 5). The actions that are attributed to him are for making notes, failing to prescribe any medicine, and arranging for Plaintiff's transportation from J. O. Davis to FCC. (*Id.*). In order to state a medical claim under § 1983, a plaintiff must demonstrate that a defendant has been deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104-5, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.*("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Plaintiff's allegations against Defendant Lott do not demonstrate a deliberate indifference. Rather, Defendant Lott's actions appear to show that he did take action to get Plaintiff to where there was an infirmary, so he could be treated. *See Hilyer v. Dunn,* 2016 WL 7093437, at *1 (S.D. Ala. 2016) (after the plaintiff suffered a seizure at J.O. Davis Work Release Center, he was transferred to the medical infirmary at FCC and airlifted to Mobile Infirmary); *see also Madison v. Ferrell,* 2007 WL 3253659, at *1 n.1 (S.D. Ala. 2007)(J.O. Davis and FCC "are in very close proximity to each other"). Additionally, there is an absence of allegations indicating a need for medication when Defendant Lott saw Plaintiff.

Furthermore, the use of John Doe or Jane Roe to name the other Defendants is not a favored practice in federal court. *Dean v. Barber,* 951 F.2d 1210, 1215-16 (11th Cir. 1992). Without specific identifying information about an unnamed defendant, that defendant is not able to be served with process to bring him or her into court to respond to a plaintiff's allegations. *See Id.*

Here, no information is offered to distinguish the unnamed nurses and doctors from others employed at their respective institutions. *Cf. Id.* (chief deputy at the Jefferson County Jail was described with sufficient clarity so the motion to amend should have been allowed to add him). Moreover, the allegations against the unnamed Defendants do not appear to rise above malpractice/negligence. Without a demonstration that the unnamed Defendants were deliberately indifferent, a claim has not been stated against them. *See Estelle, supra.*

objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 5th day of April, 2018.

                                      s/ BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE